**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4301**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH HERBERT HOBBS, a/k/a Joe,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:20-cr-00020-TSK-MJA-1)

_____

Submitted:  February 20, 2025                    Decided:  February 25, 2025

_____

Before AGEE, HARRIS, and RUSHING, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Shaina Leigh Richardson, Morgantown, West Virginia, Carrington N. Napier, STEPTOE & JOHNSON PLLC, Charleston, West Virginia, for Appellant. Brandon Scott Flower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Herbert Hobbs pled guilty, pursuant to a written plea agreement, to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  The district court sentenced him to 420 months' imprisonment and five years of supervised release.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether counsel provided ineffective assistance and whether the sentence is reasonable or violates the Eighth Amendment.  Hobbs did not file a pro se supplemental brief after being notified of his right to do so.  The Government has moved to dismiss Hobbs's appeal as barred by the appellate waiver in his plea agreement.  We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver."  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances."  *Id.*  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy, and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Hobbs knowingly and intelligently waived his right to appeal his conviction and sentence, excepting claims of ineffective assistance of counsel and prosecutorial misconduct. We therefore conclude that the waiver is valid and enforceable. Moreover, the sentencing claims counsel seeks to raise on appeal fall squarely within the scope of the waiver.

The waiver provision in the plea agreement does not, however, preclude our review of Hobbs's ineffective assistance of counsel claim. To demonstrate ineffective assistance of counsel, Hobbs "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

The record does not conclusively establish that plea counsel rendered ineffective assistance.[*] Our review of the record shows that Hobbs testified at his Rule 11 hearing that he discussed the plea agreement with his counsel and was satisfied with counsel's performance. Thus, we conclude that ineffective assistance of counsel does not conclusively appear on the face of the record before us.

---

[*] Accordingly, Hobbs's "ineffective assistance claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted).

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm in part, grant the Government's motion in part, and dismiss the appeal as to all issues within the scope of the appellate waiver. This court requires that counsel inform Hobbs, in writing, of the right to petition the Supreme Court of the United States for further review. If Hobbs requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hobbs.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*